■ The People of the State of New York, Respondent, v Earl Taylor, Appellant. [604 NYS2d 702] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered May 22, 1991, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Rosenberger, J. P., Ellerin, Ross and Asch, JJ.

■ Mercedes Tellez, as Administratrix of the Estate of Isabel Gonzalez, Deceased, Respondent, v Saranda Realty et al., Appellants. [602 NYS2d 608] —Order, Supreme Court, New York County (Peter Tom, J.), entered October 9, 1992, which granted plaintiff's motion to dismiss the affirmative defense of the statute of limitations and denied defendants' cross-motion to dismiss the complaint based upon this defense, unanimously affirmed, without costs.

CPLR 205 (a) is a remedial statute and where a defendant is given timely notice of the nature of the claim in a prior action brought by the wrongly named party, the benefit of that statute will be applied unless the prior action was dismissed for the reasons specifically stated in CPLR 205 (a) *(see, Carrick v Central Gen. Hosp.,* 51 NY2d 242). Concur—Rosenberger, J. P., Ellerin, Ross and Asch, JJ.