■ CAROL KRAINSKI, as Administratrix of ROLF OLAFSON, Deceased, Respondent, v R. CRAIG SULLIVAN et al., Appellants. [617 NYS2d 890] —In an action to recover damages for medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated April 6, 1993, as, in dismissing the action, did so without prejudice to the commencement of a new action pursuant to CPLR 205 (a).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Contrary to the defendants' contention, the Supreme Court did not err in dismissing the action without prejudice to recommencement pursuant to the six-month extension afforded by CPLR 205 (a). CPLR 205 (a) is a remedial statute, designed to "ameliorate the potentially harsh effect of the Statute of Limitations in certain cases in which at least one of the fundamental purposes of the Statute of Limitations has in fact been served, and the defendant has been given timely notice of the claim being asserted by or on behalf of the injured party" *(George v Mt. Sinai Hosp.,* 47 NY2d 170, 177). Accordingly, where, as here, it is undisputed that the defendants were given timely notice of the nature of the claim by proper service of a summons and complaint, an error relating to the identity of the named plaintiff in the original action will not bar recommencement of the action pursuant to CPLR 205 (a) *(see, Carrick v Central Gen. Hosp.,* 51 NY2d 242; *George v Mt. Sinai Hosp., supra; Tellez v Saranda Realty,* 197 AD2d 439; *Ballav v Deepdale Gen. Hosp.,* 196 AD2d 520; *Seidensticker v Huntington Hosp.,* 194 AD2d 718). Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.