09-0064-cv
Mazurkiewicz v. New York City Health and Hospitals Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:
> WILFRED FEINBERG,
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> *Circuit Judges*.

---

Dariusz Wojciech Mazurkiewicz,

> *Plaintiff-Appellant,*

> v.                                                                              09-0064-cv

New York City Health and Hospitals Corp., et al.,

> *Defendants-Appellees.*

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Dariusz Wojciech Mazurkiewicz, *pro se*, Woodhaven, NY |
| FOR DEFENDANTS-APPELLEES: | Deborah A. Brenner, Senior Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY |

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Appellant Dariusz Wojciech Mazurkiewicz appeals from the district court's judgment granting the defendants' motion for judgment on the pleadings and dismissing his employment discrimination complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We find that the district court should have converted the defendants' motion for judgment on the pleadings to a motion for summary judgment, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, since a decision on the motion required the district court to consider facts and arguments that were outside of the pleadings. However, this error was harmless, since the Appellant was aware of the proposed basis for dismissal, understood how to respond to the defendants' arguments, and did, in fact present a full and coherent response. *See Reliance Ins. Co. v. Polyvision Corp.*, 474 F.3d 54, 57 (2d Cir. 2007). Thus, we analyze this matter under Rule 56.

This Court reviews an order granting summary judgment *de novo* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements

2

or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

For a Title VII claim arising in New York to be timely, a plaintiff must file the charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e); *Quinn v. Green Tree Credit Corp*, 159 F.3d 759, 765 (2d Cir. 1998). Title VII's time limits for filing with the EEOC are not jurisdictional, but, like statutes of limitations, are subject to "waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Equitable tolling is generally "appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." *Smith v. Am. President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir. 1978).

It is undisputed that Mazurkiewicz failed to timely file a charge with the EEOC. Moreover, his claim that he was not adequately informed about the need to do so is not sufficient to permit equitable tolling. *See Smith*, 571 F.2d at 111 ("[The plaintiff's] claim that he had no knowledge of the EEOC because of appellees' failure to post notices . . . does not in our view allege misleading, fraudulent or deceptive conduct by the appellees sufficient to permit tolling here."). Thus, the district court properly dismissed Mazurkiewicz's Title VII claims on the ground that they were not timely filed with the EEOC.

An employee may waive claims of discrimination so long as the waiver is made "knowingly and voluntarily." *See Tung v. Texaco, Inc.*, 150 F.3d 206, 208 (2d Cir. 1998)

3

(reviewing waiver of Title VII claims).  In making such a determination, this Court has adopted a "totality of the circumstances" approach, considering factors such as:

> (1) the Plaintiff's education and business experience; (2) the amount of time Plaintiff had possession of or access to the agreement before signing it; (3) the role of the Plaintiff in deciding the terms of the agreement; (4) the clarity of the agreement; (5) whether the Plaintiff was represented by or consulted with an attorney; and (6) whether the consideration given, in exchange for the waiver of claims, exceeds employee benefits to which the employee was already entitled by law.

*Id*. (citing with approval the district court's reliance on these factors).  In addition, in order to establish the defense of economic duress, a plaintiff must prove that there was "(1) a threat, (2) which was unlawfully made, and (3) caused involuntary acceptance of contract terms, (4) because the circumstances permitted no other alternative." *Kamerman v. Steinberg*, 891 F.2d 424, 431 (2d Cir. 1989) (citation omitted).

Mazurkiewicz has failed to establish economic duress as a defense to the waiver of any claims arising out of his termination because he did not allege the requisite threat.  As to the validity of the waiver generally, the length of time that Mazurkiewicz had to review the agreement, the clarity of the agreement, and the fact that Mazurkiewicz was assisted by counsel, all indicate that the waiver was executed knowingly and voluntarily.  Thus, the district court correctly concluded that Mazurkiewicz waived all claims arising out of his February 2005 termination.

We have considered all of Mazurkiewicz's remaining arguments and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____