08-3759-cv
Brown v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

PRESENT:
>> RALPH K. WINTER,
>> JOHN M. WALKER, Jr.,
>> ROSEMARY S. POOLER,
>>> *Circuit Judges*.

---

Bruce S. Brown,

>> *Plaintiff-Appellant,*

>> v.                                                  08-3759-cv

Commissioner of Social Security,

>> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          Bruce S. Brown, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE:          Susan C. Branagan, Assistant United States Attorney, David S. Jones, Assistant United States Attorney; *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (McMahon, J.).  **UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Appellant Bruce S. Brown appeals from the district court's judgment granting the Commissioner of Social Security's motion to dismiss his amended complaint.  We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

As an initial matter, we note that the district court's decision granting the Commissioner's motion to dismiss was based in part on matters that were outside of the pleadings.  Accordingly, the court should have converted the Commissioner's motion to dismiss to a motion for summary judgment.  See Fed. R. Civ. P. 12(d).  However, this error was harmless, since Brown was aware of the proposed basis for dismissal, and did, in fact, present a full response.  See Reliance Ins. Co. v. Polyvision Corp., 474 F.3d 54, 57 (2d Cir. 2007).

This Court reviews an order granting summary judgment de novo and considers whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law.  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).  Although we resolve all factual disputes in favor of the nonmoving party, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion."  Davis v. State of New York, 316 F.3d 93, 100 (2d Cir. 2002).

In the present case, we conclude that the Commissioner was entitled to judgment as a matter of law.  To the extent that Brown sought review of the Administrative Law Judge's October 2002 decision, the district court lacked subject matter jurisdiction over his complaint, as he did not seek review of a final decision of the Social Security Administration.  See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).  To the extent that Brown sought review of the December 1995 or August 1997 decisions of the Social Security Administration Appeals Council, his complaint was filed well beyond the applicable 60-day limitations period and Brown did not allege any facts that would justify equitably tolling the limitations period.  See 42 U.S.C. § 405(g); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

SAO-ARW