11-2598-cv
Gabayzadeh v. Brafman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand twelve.

PRESENT: JON O. NEWMAN,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

---------------------------------------------------------------------

MEHDI GABAYZADEH,
*Plaintiff-Appellant*,

v.                                                              No. 11-2598-cv

BENJAMIN BRAFMAN, BRAFMAN & ROSS, P.C., BRAFMAN & ASSOCIATES, P.C., JENNIFER A. LIANG,
*Defendants-Appellees,*

ROBERT F. KATZBERG, KAPLAN & KATZBERG, DEBORAH A. SCHWARTZ*,*
*Defendants*.

---------------------------------------------------------------------

FOR APPELLANT:                    Mehdi Gabayzadeh, *pro se*, Fort Dix, New Jersey.

FOR APPELLEES:                    Andrew S. Kowlowitz, Alex T. Paradiso, Furman Kornfeld & Brennan LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*; James C. Francis IV, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered May 13, 2011 is AFFIRMED.

Appellant Mehdi Gabayzadeh, proceeding <u>pro se</u>, appeals from the dismissal of his action against his former attorneys for fraudulent misrepresentation and false billing, <u>see</u> Fed. R. Civ. P. 12(b)(6), and from the denial of his motion for leave to amend. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

We review <u>de novo</u> a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in the plaintiff's favor. <u>See</u> <u>Chase Grp. Alliance LLC v. N.Y.C. Dep't of Fin.</u>, 620 F.3d 146, 150 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

We review the denial of a motion to amend for abuse of discretion. <u>See</u> <u>Nettis v. Levitt</u>, 241 F.3d 186, 192 (2d Cir. 2001). "While generally leave to amend should be freely granted, <u>see</u> Fed. R. Civ. P. 15(a), it may be denied when there is a good reason to do so,

2

such as futility, bad faith, or undue delay." Kropelnicki v. Siegel, 290 F.3d 118, 130 (2d Cir. 2002) (citing Chill v. Gen. Elec. Co., 101 F.3d 263, 271–72 (2d Cir. 1996)).

Here, an independent review of the record and case law reveals that the district court was correct to dismiss Gabayzadeh's first amended complaint, for the reasons stated in the magistrate judge's Report and Recommendation. In denying Gabayzadeh's subsequent request to stand on his original complaint and to file a second amended complaint reasserting his claims contained therein, the district court relied in part on the magistrate judge's determination of bad faith, which was based on consideration of materials outside the pleadings. We need not here decide whether such reliance comported with the notice requirements of our precedents, see Reliance Ins. Co. v. Polyvision Corp., 474 F.3d 54, 57 (2d Cir. 2007); accord Hernandez v. Coffey, 582 F.3d 303, 307–09 (2d Cir. 2009), because we conclude that Gabayzadeh's original complaint failed to state a claim upon which relief could be granted. Thus, because granting leave to amend would in any event have been futile, the complaint was properly dismissed. See Kropelnicki v. Siegel, 290 F.3d at 130.

We have considered all of Gabayzadeh's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3