Zak v Bronx Park Phase I Preserv., LLC (2025 NY Slip Op 02561)

Zak v Bronx Park Phase I Preserv., LLC

2025 NY Slip Op 02561

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Scarpulla, JJ. 

Index No. 819326/22|Appeal No. 4209|Case No. 2024-00756|

[*1]Oshrie Zak et al., Plaintiffs-Appellants,
v
Bronx Park Phase I Preservation, LLC, et al., Defendants-Respondents.

Michael H. Zhu, P.C., Rego Park (Michael H. Zhu of counsel), for appellants.
Gallo Vitucci Klar, LLP, New York (C. Briggs Johnson of counsel), for Bronx Park Phase I Preservation, LLC, Bronx Park Phase II Preservation, LLC and Bronx Park Phase III Preservation, LLC respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Julia Audibert of counsel), for E-J Electric Installation Company, respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about January 17, 2024, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211(a)(5) as barred by the statute of limitations, unanimously reversed, on the law, without costs, and the motions denied.
This action arises out of an accident that occurred on September 4, 2017, when plaintiffs' decedent, Julia Boquin, allegedly tripped and fell on a defective sidewalk abutting premises owned or leased by defendants. Counsel was retained and a prior action against defendants was commenced on September 9, 2020. However, unbeknownst to counsel, Boquin had died in April 2020. After learning of Boquin's death, counsel moved pursuant to CPLR 1015(a) to stay the action pending substitution of a legal representative. In an order entered June 29, 2022, the court denied the motion and dismissed the complaint because plaintiff's counsel lacked authority to commence the action when letters of administration had not been issued. On December 27, 2022, plaintiffs were appointed as temporary administrators for Boquin's estate, and that same day, they commenced this action.
The court granted defendants' motions to dismiss this action as untimely. It found that plaintiffs' "delays over the past three years, and six years since the plaintiff's injuries are now fatal, notwithstanding the opportunity for remedial assistance offered by CPLR § 205."
This was error because, when taking into account applicable tolls and the grace period provided by CPLR 205, plaintiffs' action was timely commenced. First, the initial action was timely commenced on September 9, 2020 because the three-year statute of limitations was tolled by executive orders issued in connection with the Covid-19 pandemic (CPLR 214[a]; see Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]). After the first action was dismissed for plaintiff's lack of capacity to sue, CPLR 205(a) provided a six-month extension of time to commence an action by a proper party (see George v Mt. Sinai Hosp., 47 NY2d 170 [1979]; Tellez v Saranda Realty, 197 AD2d 439, 439 [1st Dept 1993]). Contrary to defendants' arguments, the first action was not a nullity and nothing in the order dismissing that action indicates that the dismissal was based on a neglect to prosecute. The first action terminated for purposes of calculating the CPLR 205(a) extension, at the earliest, on the date the order dismissing that action was entered, June 29, 2022 (see U.S. Bank N.A. v Farrell, 200 AD3d 1707, 1708 [4th Dept 2021]; U.S. Bank N.A. v Navarro, 188 AD3d 1282, 1283-1284 [2d Dept 2020]). Plaintiffs commenced this action on December 27, 2022, less than six months after entry of the order of dismissal in the first action; thus, it was timely.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025