■ THOMAS GENOVA, as Trustee in Bankruptcy of BONNIE HANSEN, et al., Respondent, v M. ALI MADANI, Appellant. [725 NYS2d 141] —Mercure, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered March 16, 2000 in Ulster County, which denied defendant's motion to dismiss the complaint as untimely.

In February 1994, Bonnie Hansen and Theodore Hansen commenced an action to recover for defendant's claimed medical malpractice committed in his treatment of Bonnie Hansen in 1991. In July 1999, this Court dismissed the complaint based upon the Hansens' lack of capacity arising out of their filing of a voluntary petition in bankruptcy (*Hansen v Madani*, 263 AD2d 881). In October 1999, plaintiff, as trustee for the Hansens, commenced the present action, pleading direct and derivative causes of action for malpractice arising out of the same course of treatment in 1991. Defendant moved to dismiss the action as barred by the Statute of Limitations. In defense of the motion, plaintiff asserted entitlement to the six-month period provided in CPLR 205 (a) for recommencement of the action. Supreme Court denied the motion based upon its conclusion that CPLR 205 (a) applies to the situation where, as in this case, a trustee in bankruptcy commences an action that was previously dismissed based upon a plaintiff's failure to include the underlying claim on a bankruptcy petition. Defendant appeals and we affirm.

CPLR 205 (a) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, *the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator*, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (emphasis supplied). It is uncontested that the first action was timely commenced, that it was terminated in a manner other than by a voluntary discontinuance, a failure to obtain personal jurisdiction, a dismissal for neglect to prosecute or a final judgment upon the merits, and that the present action is based upon the same transaction or occur-

rence as, and was commenced within six months after the termination of, the first action. Defendant's only argument against the application of CPLR 205 (a) is that the second action was brought by the trustee in bankruptcy, who is neither an original plaintiff nor the executor or administrator of an original plaintiff who has died. It is our view that the argument, although technically correct, is unavailing.

We agree with the conclusion of Justice Joseph Harris in *Goldberg v Littauer Hosp. Assn.* (160 Misc 2d 571), subsequently adopted by the Second Department in *Pinto v Ancona* (262 AD2d 472) and *Tulis v Nyack Hosp.* (271 AD2d 684), that the "broad and liberal purpose" of CPLR 205 (a) (*Goldberg v Littauer Hosp. Assn.*, *supra*, at 575; *see*, *George v Mt. Sinai Hosp.*, 47 NY2d 170) is furthered by permitting the trustee in bankruptcy to pursue the action that was originally erroneously commenced in the name of the bankrupts. Defendant will suffer no prejudice, as he received timely notice of the claim, and he offers no good reason why the Hansens' creditors should be penalized for the Hansens' failure to schedule this contingent claim as an asset. Defendant's contrary contentions have been considered and found to be unpersuasive.

As a final matter, to the extent that the issue may be preserved for our consideration and properly raised on appeal, we are unpersuaded that plaintiff's addition of a new cause of action predicated upon a lack of informed consent bars the present action. Notably, no identity of cause of action is required (*see*, *Harris v United States Liab. Ins. Co.*, 746 F2d 152, 153-154; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C205:1, at 312-313). To the contrary, CPLR 205 (a) merely requires that the new action be based "upon the same transaction or occurrence or series of transactions or occurrences" as the prior one, which clearly is the case here.

Cardona, P. J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.