■ Reliance Insurance Company of New York, Respondent, v Information Display Technology, Inc., et al., Defendants and Third-Party Plaintiffs-Appellants, and Reading Company, Intervenor-Respondent. Pierce & Stevens et al., Third-Party Defendants-Appellants. [769 NYS2d 593]—

In an action, inter alia, to recover damages for breach of contract, the defendants third-party plaintiffs and the third-party defendants separately appeal from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated January 28, 2003, which granted the motion of Reading Company, inter alia, for leave to intervene and to be substituted as the plaintiff in this action.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion is denied.

The Supreme Court improvidently exercised its discretion in granting the motion of Reading Company for leave to intervene and to be substituted as the plaintiff in this action. It is undisputed that this action was commenced by the wrong party; the correct plaintiff is the named plaintiff's parent corporation. The named plaintiff's parent corporation never sought to be substituted as the plaintiff herein. The proposed intervenor, Reading Company, claims that it is the real party in interest by virtue of a series of purported assignments of rights and recoveries under a certain indemnity agreement from the named plaintiff's parent corporation to the nonparty, Travelers Casualty & Surety Company (hereinafter Travelers), and then from Travelers to Reading Company.

CPLR 1013 provides that "[u]pon timely motion, any person may be permitted to intervene in any action . . . when the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party." The record before us is devoid of any predicate for permitting the intervention and substitution of Reading Company for the named plaintiff. The record does not contain the original complaint and, therefore, it is unclear whether the claims asserted by Reading Company are the same as those originally interposed.

Moreover, the evidence submitted by Reading Company in support of its motion fell far short of establishing that it was the real party in interest. It relied on numerous documents dehors the record, and, except in one instance, it relied on the affirmations of counsel without personal knowledge of the facts. The sole affidavit from an individual with some personal knowledge of the facts of this case came from an officer of Travelers,

the intermediate assignee. However, that affidavit was wholly conclusory and insufficient to establish the validity of the purported assignment of the indemnity agreement from Travelers to Reading Company. Accordingly, Reading Company's motion should have been denied on the ground that it failed to establish that it had a real and substantial interest in the outcome of this litigation (*see Sieger v Sieger,* 297 AD2d 33, 36 [2002]; *Perl v Aspromonte Realty Corp.,* 143 AD2d 824, 825 [1988]). Santucci, J.P., Adams, Crane and Cozier, JJ., concur.