■ EVELYN FREEDMAN, Appellant, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Respondent. [780 NYS2d 366]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated December 4, 2002, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff opposed the defendant's motion to dismiss the complaint by asserting that the action was timely commenced

pursuant to CPLR 205 (a). She argued that a prior action, in which the decedent, Mary Hyman, was the plaintiff, was dismissed for failure to timely substitute a personal representative, and that the dismissal was intended by the Supreme Court to be without prejudice (*see Schuman v Hertz Corp.*, 17 NY2d 604 [1966]; *Bailey v Brookdale Univ. Hosp. & Med. Ctr.*, 292 AD2d 328, 329 [2002]). The Supreme Court granted the defendant's motion to dismiss the complaint after determining that the prior action could not be recommenced pursuant to CPLR 205 (a). We disagree. Where the defendant has been given timely notice of the claim being asserted by or on behalf of the injured party, an error relating to the identity of the named plaintiff in the original action will not bar recommencement of the action pursuant to CPLR 205 (a) (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242 [1980]; *George v Mt. Sinai Hosp.*, 47 NY2d 170 [1979]; *McGuire v Southside Hosp.*, 301 AD2d 505, 506 [2003]; *Chase Manhattan Bank v Wolowitz*, 272 AD2d 428, 429 [2000]; *Krainski v Sullivan*, 208 AD2d 904 [1994]). Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.