**RELIANCE INSURANCE COMPANY,
a Pennsylvania Corporation,
Plaintiff,**

v.

**POLYVISION CORPORATION, a New York Corporation f/k/a/ Information Display Technology, Inc., Defendant.**

**No. CV 05–1162.**

United States District Court,
E.D. New York.

Oct. 3, 2005.

Post & Schell, P.C. by Gary A. Wilson, Esq., John W. Dornberger, Esq., Philadelphia, PA, for Plaintiff.

Bivona & Cohen, P.C. by Michael C. Modansky, Esq., New York City, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this diversity case, the Plaintiff insurance company seeks reimbursement for payments allegedly made as a surety on certain performance bonds. The payments sought to be reimbursed were made in connection with a school construction project that was begun in 1987. A tortuous state court history, lasting nearly ten years, precedes this federal litigation. That litigation culminated in a dismissal holding, essentially, that Reliance Insurance Company of New York ("Reliance NY"), the plaintiff named in the state court proceedings, was a corporate entity that did not issue the bonds and therefore never had a claim. Plaintiff here, Reliance Insurance Company, the parent company to Reliance NY, thereafter commenced this federal action, alleging that it is the surety entitled to reimbursement.

Presently before the court is Defendant's motion to dismiss. The motion seeks dismissal on statute of limitations grounds as well as for improper venue and failure to state a claim. For the reasons set forth below, the court holds that this action is, indeed, time barred. Accordingly, the case is dismissed and the merits of the remainder of the motion need not be reached.

## BACKGROUND

### I. Factual Background

The facts recited herein are derived from the allegations of the complaint, taken as true at this point in the proceedings, as well as the state court record—all matters properly before the court in the context of this motion to dismiss.

### A. The Parties and the Construction Project

Plaintiff Reliance Insurance Company ("RIC") is a Pennsylvania corporation alleging that it was a surety with respect to a construction project under which the claims here are alleged to arise. Defendant Polyvision Corporation ("Polyvision") is a corporation alleged to have been formerly known as Information Display Technology, Inc. ("IDTI"). The construction project underlying this coverage litigation arises from a 1987 contract between the Lindenhurst school board (the "School") and Park Industries, Inc. ("Park"), pursuant to which Park agreed to perform window and curtain wall replacement at the Lindenhurst senior and junior high schools (the "1987 Contract"). RIC, as surety, issued bonds binding RIC with regard to Park's performance under the 1987 Contract.

SWS Industries ("SWS"), a subcontractor for Park, thereafter agreed to purchase insulated curtain wall panels, manufactured by Polyvision's corporate predecessor. In June of 1988, after partially completing the project, SWS and Park filed voluntary petitions for bankruptcy protection. In connection with the bankruptcy, both companies rejected all executory contracts and RIC thereafter succeeded to all of the rights and interests of Park and SWS under the 1987 Contract. RIC alleges that it thereafter entered into a "take-

over agreement" with the School pursuant to which RIC agreed to furnish all labor and materials required to perform the balance of the 1987 Contract.

In July of 1990, RIC was advised that the panels installed at the schools and furnished by IDTI were defective. IDTI took the position that any defects were the result of faulty installation and not any manufacturing defect. RIC thereafter purchased additional panels and paid to have the new panels installed so as to cure the defects identified by the School. After further defects were identified, RIC demanded that IDTI remedy the problems. IDTI, however, disavowed any responsibility, again pointing to faulty installation as the culprit.

### B. *State Court Litigation*

In 1994, Reliance N.Y. commenced an action against IDTI and others seeking indemnification for amounts spent as surety in connection with the 1987 Contract (the "State Court Litigation"). Specifically, Reliance N.Y. identified itself as the issuer of performance bonds that obligated it to complete the construction project the School contracted for in 1987. In an order dated March 30, 1995, certain of Reliance NY's claims, which arose out of purchases made in 1987, were dismissed on statute of limitations grounds. Claims arising from purchases made in 1991 and 1992 were allowed to proceed.

In March of 2001, an order granting Reliance N.Y. leave to amend to add certain claims of indemnification was entered in the State Court Litigation. These claims arose from a settlement reached with the School in connection with separate litigation initiated by Reliance N.Y. against the School, seeking payment in connection with the 1987 Contract.

In 2002, a company known as Reading Company ("Reading") sought leave to intervene in the State Court Litigation. Intervention was sought on the ground that Reading made payment to Reliance N.Y. on amounts it spent as surety on the 1987 Contract. Supreme Court granted the motion to the extent of substituting Reading as the plaintiff, in place of Reliance NY.

The order substituting Reading as plaintiff was appealed to the Appellate Division of the Supreme Court, Second Department, which reversed the order of the trial court. In its opinion, dated December 22, 2003, the Appellate Division held that Reading failed to make a proper showing as to its interest in the litigation. Specifically, the Appellate Division stated that "the evidence submitted by Reading Company in support of its motion fell far short of establishing that it was the real party in interest." *Reliance Ins. Co. v. Information Display Technology, Inc.*, 2 A.D.3d 701, 769 N.Y.S.2d 593, 594 (2d Dep't 2003). Because Reading had failed to show that it had a "real and substantial interest in the outcome" of the State Court Litigation, the appellate court held that the motion to intervene should have been denied. *Id.*

In an order dated January 4, 2005, the state trial court addressed a motion to dismiss on the ground that the State Court Litigation was commenced by the wrong plaintiff. The court noted the uncontroverted fact that the performance bonds forming the basis of the action were issued not by the named plaintiff Reliance NY, but by its parent company, RIC. Because Reliance N.Y. did not issue the bonds, it was held to have no right to seek indemnification in connection with any payments made thereon. Accordingly, the court granted the motion to dismiss the State Court Litigation. The order granting the motion was noted to be a "final disposition" of the matter. The filing of this federal action followed.

## C. *The Motion to Dismiss*

As noted, Defendant now moves to dismiss this action. In support of the motion, Defendant argues that Plaintiff is not entitled to take advantage of a "savings" provision of New York law and this action is therefore time barred. Defendants further argue that venue is improper and that the case should be dismissed for failure to state a claim. After outlining relevant legal principles the court will turn to the merits of the motion.

## DISCUSSION

### I. *Legal Principles: CPLR 205*

In this diversity case, it is the law of the State of New York that governs the time in which the action must be commenced as well as any applicable toll. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir.2002). The question here is whether Section 205(a) of New York's Civil Practice Law and Rules ("CPLR 205") can be applied to render this action timely commenced by RIC.

 CPLR 205 is a "savings" provision that allows a plaintiff whose action has previously been dismissed, six months in which to commence a new action based upon the same transaction or occurrence, despite the running of the applicable statute of limitations. *See Carrick v. Central General Hospital*, 51 N.Y.2d 242, 434 N.Y.S.2d 130, 135, 414 N.E.2d 632 (1980). Cases that may take advantage of CPLR 205 are, generally, those that have "suffered dismissals of a generally technical type." *Winston v. Freshwater Wetlands Appeals Board*, 224 A.D.2d 160, 646 N.Y.S.2d 565, 566 (2d Dep't 1996). The six month extension does not apply to all dismissed actions. Rather, the statute provides for the extension only in cases where the first action was timely commenced and was "terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for failure to prosecute the action, or a final judgment upon the merits." CPLR 205(a). The use of the phrase "final judgment on the merits" does not mean, necessarily, that the first action reached the actual merits of the dispute. Instead, it "is a corollary of the principle of res judicata that 'once a claim is brought to *a final conclusion*, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Yonkers Contracting Co., Inc. v. Port Authority Trans–Hudson Corp.*, 93 N.Y.2d 375, 690 N.Y.S.2d 512, 516, 712 N.E.2d 678 (1999), quoting, *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158 (1981)(emphasis added).

CPLR 205 has been applied to allow a plaintiff to newly prosecute an action dismissed due to an error relating to the plaintiff's identity. *E.g., McGuire v. Southside Hosp.*, 301 A.D.2d 505, 753 N.Y.S.2d 380, 380 (2d Dep't.2003); *Chase Manhattan Bank, N.A. v. Wolowitz*, 272 A.D.2d 428, 708 N.Y.S.2d 342, 343 (2d Dep't 2000). This "error in plaintiff's identity" can arise when an action is commenced, either in the name of a deceased individual or a survivor prior to an appointment of an executor or administrator. In such cases, dismissal occurs because the named plaintiff is not technically empowered to pursue the action. *See, e.g., Carrick*, 51 N.Y.2d at 252, 434 N.Y.S.2d 130, 414 N.E.2d 632 (CPLR 205 extension applied where prior action dismissed due to failure to appoint administrator); *George v. Mt. Sinai Hospital*, 47 N.Y.2d 170, 417 N.Y.S.2d 231, 236–37, 390 N.E.2d 1156 (1979) (same); *Mingone v. State*, 100 A.D.2d 897, 474 N.Y.S.2d 557, 560–61 (2d

Dep't 1984) (same). These cases are routinely dismissed but may thereafter be recommenced by a duly appointed representative who is empowered to pursue an action based upon the same transaction or occurrence as the dismissed action. CPLR 205(a). *McGuire,* 753 N.Y.S.2d at 380; *Brown v. Huntington Medical Group,* 238 A.D.2d 367, 657 N.Y.S.2d 333, 333 (2d Dep't 1997).

Similarly, a trustee in bankruptcy has been held entitled to the six month grace period where a prior action, improperly (although timely) commenced by the bankrupt individual was dismissed. *Genova v. Madani,* 283 A.D.2d 860, 725 N.Y.S.2d 141, 142 (3d Dep't 2001). CPLR 205 has also served to preserve an otherwise expired cause of action for a corporate plaintiff that is prohibited from prosecuting a lawsuit because of non-payment of taxes. Once taxes have been paid and the right to sue is re-established, the corporation has been held entitled to take advantage of the six month extension granted by CPLR 205. *See Lorisa Capital Corp. v. Gallo,* 119 A.D.2d 99, 506 N.Y.S.2d 62, 72 (2d Dep't.1986).

## II. *Disposition of the Motion*

■ It is argued by Defendant and conceded by RIC that, but for the application of CPLR 205, Plaintiff's action is time barred. Thus, as a threshold matter, the court considers whether the statute applies to this action.

Cases applying CPLR 205 to allow an otherwise expired action to proceed when brought by a newly appointed administrator, executor or trustee have used broad language, seized upon by Plaintiff, stating that a mistake in "the identity of the named plaintiff," should not preclude the application of CPLR 205. *E.g., Freedman v. New York Hospital Medical Center of Queens,* 9 A.D.3d 415, 780 N.Y.S.2d 366,

367 (2d Dep't 2004) ("an error relating to the identity of the named plaintiff in the original action will not bar recommencement of the action pursuant to CPLR 205(a)"); *McGuire,* 753 N.Y.S.2d at 380 (same); *Wolowitz,* 708 N.Y.S.2d at 343 (same); *see George,* 417 N.Y.S.2d at 236, 390 N.E.2d 1156 (referring to naming of deceased rather than administratrix as an error in "the identity of the named plaintiff").

The common thread running through cases applying CPLR 205 in cases where the error in the dismissed action lies only in the "identity" of the plaintiff, is the fact that it is the same person or entity whose rights are sought to be vindicated in both actions. Certainly, the plaintiff in the new lawsuit may appear in a different capacity, such as a duly appointed administrator, but the identity of the individual on whose behalf redress is sought, remains the same. *See, e.g., Carrick,* 51 N.Y.2d at 252, 434 N.Y.S.2d 130, 414 N.E.2d 632; *George,* 417 N.Y.S.2d at 236–37, 390 N.E.2d 1156; *Mingone,* 474 N.Y.S.2d at 561.

Here, on the other hand, Plaintiff is a completely different entity from that which prosecuted, for almost ten years, the now dismissed State Court Litigation. While there is a relationship between RIC and Reliance NY, they are not the same company. Plaintiffs have failed to cite, and the court's research has not uncovered, a case in which a related, but separate corporate entity, has been afforded the six month extension to the statute of limitations where it was not the plaintiff in the dismissed action. Indeed, language in *George,* a case relied upon by Plaintiff, indicates that CPLR 205 does not apply where, as here, the plaintiff in the second action is not the same individual or entity named as plaintiff in the dismissed action. Thus, the New York Court of Appeals commented in *George,* that "[u]sually, of

course, the fact that one party commenced an action which is subsequently dismissed, will not serve to justify application [of CPLR 205] so as to support a later action by a different claimant." *George,* 417 N.Y.S.2d at 237, 390 N.E.2d 1156. Under these circumstances, the court concludes that a parent company cannot take advantage of CPLR 205 where an action commenced by a subsidiary was dismissed. Thus, the court holds that RIC may not take advantage of CPLR 205 because it was not "the plaintiff" in the dismissed action. This holding is supported by the absence of case law supporting a contrary position and by the language of CPLR 205 which states, plainly, that it is *the plaintiff* (or his appointed executor or administrator) who is entitled to commence a new action based upon the same transaction as the dismissed action. CPLR 205(a). Here, the Plaintiff, RIC, was never a party to the dismissed action and therefore may not take advantage of the six month savings provision of CPLR 205. Under these circumstances, the claim of RIC is time barred and therefore, dismissed.

*CONCLUSION*

For the foregoing reasons, the motion to dismiss this action on the ground of the statute of limitations is granted.

The court is aware that an order has been issued granting Plaintiff seven days following the decision on this motion in which to amend its complaint. That order recognized that RIC attached an indemnity agreement issued by Reliance NY, rather than the agreement issued by RIC, to its complaint and allowed for amendment to substitute the RIC indemnity agreement. Amendment of the complaint to substitute indemnity agreements, however, makes no difference to the disposition set forth here in—the matter would still be time barred and the amendment is therefore futile.

Accordingly, the order granting leave to amend is hereby rescinded. The motion to dismiss is granted and the Clerk of the Court is directed to close the file in this case and to terminate any outstanding motions.

SO ORDERED.