[876 NE2d 898, 845 NYS2d 212]

RELIANCE INSURANCE COMPANY, Appellant, v POLYVISION CORPO-
RATION, Formerly Known as INFORMATION DISPLAY TECH-
NOLOGY, Respondent. SOVEREIGN COMMERCIAL GROUP, INC.,
Third-Party Plaintiff-Respondent; PIERCE & STEVENS COR-
PORATION et al., Third-Party Defendants.

Argued September 5, 2007; decided October 11, 2007

## POINTS OF COUNSEL

*Post & Schell, P.C.* (*Gary A. Wilson* and *John W. Dornberger* of the Pennsylvania bar, admitted pro hac vice, of counsel), for appellant. I. CPLR 205 (a) applies to actions by individuals and corporations. (*Chase Manhattan Bank v Wolowitz,* 272 AD2d 428; *Mendez v Kyung Yoo,* 23 AD3d 354; *Freedman v New York Hosp. Med. Ctr. of Queens,* 9 AD3d 415; *McGuire v Southside Hosp.,* 301 AD2d 505; *George v Mt. Sinai Hosp.,* 47 NY2d 170; *Krainski v Sullivan,* 208 AD2d 904; *Ballav v Deepdale Gen. Hosp.,* 196 AD2d 520; *Seidensticker v Huntington Hosp.,* 194 AD2d 718; *Mingone v State of New York,* 100 AD2d 897.) II. The fundamental purpose of CPLR 205 (a) is served by permitting Reliance Insurance Company to recommence. (*Gaines v City of New York,* 215 NY 533; *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.],* 5 NY3d 514; *Joseph Francese, Inc. v Enlarged City School Dist. of Troy,* 95 NY2d 59; *Dreger v New York State Thruway Auth.,* 81 NY2d 721; *Fleming v Long Is. R.R.,* 72 NY2d 998; *Parker v Mack,* 61 NY2d 114; *Carrick v Central Gen. Hosp.,* 51 NY2d 242; *Matter of Morris Invs. v Commissioner of Fin. of City of N.Y.,* 69 NY2d 933; *George v Mt. Sinai Hosp.,* 47 NY2d 170; *Matter of Winston v Freshwater Wetlands Appeals Bd.,* 224 AD2d 160.)

*Bivona & Cohen, P.C.,* New York City (*Anthony McNulty* and *Michael C. Modansky* of counsel), and *Gallagher, Gosseen, Faller & Crowley,* Garden City (*James F. Gallagher* of counsel), for respondent. Contrary to appellant's arguments, this Court has not and should not condone allowing this lawsuit in federal court, once dismissed and then time-barred in state court, under appellant's "same party" theory and its policy explanations advanced to further fundamental purposes of this statute. (*Graziano v Pennell,* 371 F2d 761; *Gaines v City of New York,* 215 NY 533; *Andrea v Arnone, Hedin, Casker, Kennedy & Drake,*

54

*Architects & Landscape Architects, P.C. [Habiterra Assoc.],* 5 NY3d 514; *Joseph Francese, Inc. v Enlarged City School Dist. of Troy,* 95 NY2d 59; *Carrick v Central Gen. Hosp.,* 51 NY2d 242; *George v Mt. Sinai Hosp.,* 47 NY2d 170; *Quinn v Guerra,* 26 AD3d 874; *Matter of Winston v Freshwater Wetlands Appeals Bd.,* 224 AD2d 160; *Hakala v Deutsche Bank AG,* 343 F3d 111; *Allaway v McGinnis,* 362 F Supp 2d 390.)

*Costello Shea & Gaffney LLP,* New York City (*Steven E. Garry* of counsel), for third-party plaintiff-respondent. I. In order to obtain the benefit of CPLR 205 (a), a party must establish that it is the same plaintiff (or its representative) whose claims were dismissed in the prior action. (*Gaines v City of New York,* 215 NY 533; *Streeter v Graham & Norton Co.,* 263 NY 39.) II. The rules governing statutory construction mandate that this Court answer the certified question in the negative. (*People v Finnegan,* 85 NY2d 53; *Matter of Tristram K.,* 36 AD3d 147; *Morales v County of Nassau,* 94 NY2d 218; *Matter of Secor v City of New York,* 13 Misc 3d 1220[A], 2006 NY Slip Op 51924[U].) III. The cases cited by Reliance Insurance Company in its attempt to obtain the benefit of CPLR 205 (a) do not support its argument. (*Chase Manhattan Bank v Wolowitz,* 272 AD2d 428; *Krainski v Sullivan,* 208 AD2d 904; *Freedman v New York Hosp. Med. Ctr. of Queens,* 9 AD3d 415; *McGuire v Southside Hosp.,* 301 AD2d 505; *Carrick v Central Gen. Hosp.,* 51 NY2d 242; *George v Mt. Sinai Hosp.,* 47 NY2d 170; *Brown v Huntington Med. Group,* 238 AD2d 367; *Ballav v Deepdale Gen. Hosp.,* 196 AD2d 520; *Matter of Winston v Freshwater Wetlands Appeals Bd.,* 224 AD2d 160; *Matter of Rochester Community Sav. Bank v Board of Assessors of City of Rochester,* 248 AD2d 949.)

**OPINION OF THE COURT**

Chief Judge KAYE.

In this protracted dispute between a construction surety and the suppliers of allegedly deficient materials, the United States Court of Appeals for the Second Circuit asks us to determine whether CPLR 205 (a)—which, in appropriate instances, adds a six-month grace period to the statute of limitations—permits a corporation to refile an action originally commenced in the name of a different, related corporate entity and subsequently dismissed for naming the wrong plaintiff. We conclude that it does not.

## Background

In 1987, the Lindenhurst School Board contracted with Park Construction to perform window and curtain wall replacement at the Lindenhurst Senior High School and Junior High School. Plaintiff Reliance Insurance Company (RIC), a Pennsylvania company, issued two bonds insuring Park's performance of those projects. During this same period, Reliance Insurance Company of New York (RNY), allegedly at the time a wholly-owned New York subsidiary of RIC, issued similar bonds with the same obligee—the Lindenhurst School District—to ensure performance of a different elementary school construction project.

In 1988, Park filed for bankruptcy and RIC assumed responsibility for completing the high school construction projects. RIC also succeeded to Park's rights under its existing contracts, including a 1987 agreement in which defendant PolyVision agreed to furnish several hundred insulated metal curtain wall panels for installation at the Lindenhurst Senior High School.

In 1990, RIC learned that these panels had prematurely begun showing signs of deterioration. The School Board asked that they be replaced, and RIC purchased new panels to complete the job. In 1994, suit for the faulty panels was commenced in state Supreme Court against PolyVision. For unknown reasons, RNY (the New York corporation) brought the action instead of the proper plaintiff, RIC. The case progressed slowly over the next decade, with certain documents exchanged but no depositions taken. Instead, these 10 years were marked by motion practice and amended complaints by RNY. RIC, however, never attempted to enter the action. The mistake in naming RNY as plaintiff appears to have been revealed during attempted intervention by a former subcontractor claiming to have inherited the claim against PolyVision.

The Appellate Division ultimately rejected the intervention, holding: "It is undisputed that this action was commenced by the wrong party; the correct plaintiff is the named plaintiff's parent corporation [RIC]" (2 AD3d 701, 702 [2d Dept 2003]). Thereafter, in 2004, PolyVision successfully sought dismissal of the complaint on the ground that RNY was not the real party in interest.

RIC then commenced the present action in the Federal District Court for the Eastern District of New York on diversity grounds, alleging that it was the surety entitled to reimbursement for the faulty panels and that, under the savings provision

of CPLR 205 (a), the action was timely commenced within six months of the prior action's dismissal. PolyVision moved to dismiss on statute of limitations grounds, among others, arguing that RIC as a new, different plaintiff was not entitled to the benefit of CPLR 205 (a).

The District Court granted the motion to dismiss, holding that 205 (a) was not available to a different corporate entity that was not the original plaintiff. On appeal, the Second Circuit recognized that an "unresolved, important, and determinative issue of state law is central to this case" and certified the following question for our review: "Does New York CPLR § 205(a) allow a corporation to refile an action within six months when a previous, timely-filed action has mistakenly been commenced in the name of a different, related corporate entity, and has been dismissed for naming the wrong plaintiff?" (474 F3d 54, 60 [2007].)

## Discussion

Tracing its roots to seventeenth century England, the remedial concept embodied in CPLR 205 (a) has existed in New York law since at least 1788 (see Gaines v City of New York, 215 NY 533, 537-538 [1915]). In its current incarnation, CPLR 205 (a) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

The other requirements of the section having been met here—the original action was timely commenced and terminated only for failure to name the proper party, and the new action is based on the same occurrences—the sole issue before us is whether CPLR 205 (a) allows for commencement of the new action by an entity that is different from, but related to, the original corporate plaintiff. As the Second Circuit observed, this is an open, important issue which will determine not only the pending case but also future cases.

Turning first, as we must, to the text of the statute, we note that the benefit provided by the section is explicitly, and exclusively, bestowed on "the plaintiff" who prosecuted the initial action. Only if "the plaintiff" dies, and his or her cause of action survives, may the executor or administrator of a deceased plaintiff's estate commence a new action based on the same occurrence. Outside of this representative context, we have not read "the plaintiff" to include an individual or entity other than the original plaintiff. In *George v Mt. Sinai Hosp.* (47 NY2d 170 [1979]), we permitted a suit to proceed under section 205 (a) even though it had been improperly commenced in the decedent's own name after her death and then properly recommenced in the administratrix's name after the statute of limitations had expired. We observed, however, that "[u]sually, of course, the fact that one party commenced an action which is subsequently dismissed, will not serve to justify application of [CPLR 205 (a)] so as to support a later action by a different claimant" (*id.* at 179). Similarly, in *Streeter v Graham & Norton Co.* (263 NY 39, 44 [1933]), we noted: "To grant the right conferred by [the statute] to a different party plaintiff, representing in part different interests, would require the placing of a construction upon the section plainly beyond its intent and purpose."

RIC acknowledges that it is a different party plaintiff but asserts that, as RNY's parent corporation, it is not entirely different; that while we have never before permitted a substitution of corporate plaintiffs, we also have never precluded it; and that the section must be read generously to advance its remedial purpose. All true, but for the following reasons of policy and precedent we reject RIC's conclusion.

Pivotal here is that, unlike the scenario in *George*, RIC is seeking to enforce its own, separate rights, rather than the rights of the plaintiff in the original action. We agree with the conclusion of the District Court that "[t]he common thread running through cases applying CPLR 205 in cases where the error in the dismissed action lies only in the 'identity' of the plaintiff, is the fact that it is the same person or entity whose rights are sought to be vindicated in both actions" (390 F Supp 2d 269, 273 [ED NY 2005]). As that court aptly stated, "the plaintiff in the new lawsuit may appear in a different capacity, such as a duly appointed administrator, but the identity of the individual on whose behalf redress is sought, [must] remain[ ] the same" (*id.*). That is the situation the Legislature addressed

in CPLR 205 (a), but that is not the case here. RIC is not RNY in a different capacity.

To allow RIC to proceed also would open a new tributary in the law, presumably available to individuals as well as corporations, and breathe life into otherwise stale claims—some, like this one, going back nearly 20 years. The diligent corporate suitor, represented by counsel, is of course well advised to operate with the minimal care necessary to determine, before bringing suit, which of its family members has been wronged. That serves the corporation's interests as well as the broader interests served by the statute of limitations. In the present case, the bonds naming RIC, rather than RNY, are part of the record.

We are, moreover, mindful of the potential ramifications of a rule allowing a "different, related corporate entity" the benefit of the statutory grace period, not knowing precisely what that means or portends. What may be a genuine corporate twin or alter ego in one case could be a far-flung affiliate in another. Under these circumstances, we prefer to read CPLR 205 (a) as it was written by the Legislature and has consistently been applied by this Court.

Accordingly, the certified question should be answered in the negative.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.27), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the negative.