RELIANCE INSURANCE COMPANY,
Plaintiff–Appellant,

v.

POLYVISION CORPORATION,
Defendant–Appellee,

Sovereign Commercial Group, Inc.,
Third–Party Defendant–
Appellee,

Pierce & Stevens Corporation, Sovereign
Specialty Chemicals, Inc., and Sover-
eign Specialty Chemicals, L.P., Third–
Party Defendants.

No. 06–1717–cv.

United States Court of Appeals,
Second Circuit.

Sept. 5, 2008.

Gary A. Wilson and John W. Dornber-
ger, Post & Shell, P.C., Harrisburg, PA,
for Plaintiff–Appellant.

Michael C. Modansky and Anthony J.
McNulty, Bivona & Cohen, P.C., New
York, NY; James A. Gallagher, Jr., Galla-
gher Gossen Failer & Crowley, Garden
City, NY, for Defendant–Appellee.

Steven E. Garry, Costello Shea & Gaff-
ney LLP, New York, NY, for Third–Party
Defendant–Appellee.

PRESENT: Hon. RALPH K.
WINTER, Hon. JOSÉ A. CABRANES,
and Hon. ROSEMARY S. POOLER,
Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHERE-
OF, IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED** that the
judgment of the District Court is hereby
**AFFIRMED.**

Plaintiff-appellant Reliance Insurance
Corporation ("plaintiff") appeals from or-
ders entered by the District Court on Oc-

tober 3, 2005 and October 26, 2005 dismissing plaintiff's claim under Fed.R.Civ.P. 12(b)(6) as time-barred under N.Y. C.P.L.R. 205(a) and denying plaintiff's motion for reconsideration. In January 2007, we certified the following question to the New York Court of Appeals: "Does New York CPLR § 205(a) allow a corporation to refile an action within six months when a previous, timely-filed action has mistakenly been commenced in the name of a different, related corporate entity, and has been dismissed for naming the wrong plaintiff?" *Reliance Ins. Co. v. PolyVision Corp.*, 474 F.3d 54, 60 (2d Cir.2007). In October 2007, the New York Court of Appeals answered the question in the negative, and agreed with the District Court that plaintiff "is seeking to enforce its own, separate rights, rather than the rights of the plaintiff in the original action." *Reliance Ins. Co. v. PolyVision Corp.*, 9 N.Y.3d 52, 57, 845 N.Y.S.2d 212, 876 N.E.2d 898 (2007) (citing *Reliance Ins. Co. v. PolyVision Corp.*, 390 F.Supp.2d 269, 273 (E.D.N.Y.2005)). Following the New York Court of Appeals' opinion, we solicited and received supplemental briefs from the parties.

Notwithstanding that its complaint is time-barred under New York law, plaintiff now argues that Fed.R.Civ.P. 15(c) permits a "relation-back" to the date the first complaint was filed in state court in 1994.[1] The 1994 complaint was based on the same underlying dispute, but was brought by plaintiff's corporate affiliate, which is no longer in business.[2] Plaintiff had previously argued in its memorandum in opposition to PolyVision Corp.'s motion to dismiss that Rule 15(c) "is analogous to, and does not contradict, CPLR 205(a)." (Pl.'s Mem. in Opp. 14.) However, the District Court did not address Rule 15(c) because it held the claim untimely under N.Y. C.P.L.R. 205(a). *See Reliance Ins. Co.*, 390 F.Supp.2d at 273–74.

Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading" if certain requirements are met. Fed.R.Civ.P. 15(c). Specifically, when seeking to change the name of a party, *see* Fed.R.Civ.P. 15(c)(1)(C), the claim must arise "out of the conduct, transaction, or occurrence set out ... in the original pleading," *id.* at 15(c)(1)(B), and the defendant must have received notice and known that, "but for a mistake concerning the proper party's identity," the action would have been brought against the defendant, *id.* at 15(c)(1)(C)(ii). *See also* Advisory Committee's Notes on 1966

---

1. The facts are, by now, familiar to the parties and are thoroughly explained in the opinions that have preceded this order. *See Reliance Ins. Co.*, 474 F.3d at 55–56; *Reliance Ins. Co.*, 390 F.Supp.2d at 270–72; *Reliance Ins. Co.*, 9 N.Y.3d at 55–56, 845 N.Y.S.2d 212, 876 N.E.2d 898.

2. As we have observed, the relationship between the current plaintiff (Reliance Insurance Company) and the state court plaintiff (Reliance Insurance Company of New York or "RNY") is "in dispute." *Reliance Ins. Co.*, 474 F.3d at 55. Plaintiff has argued in federal court that it "is not the *parent* of RNY, rather it is the *successor* of RNY through merger," (Pl.'s Mem. Reconsider. 1), although plaintiff appears to have made a slightly different argument to the New York Court of Appeals, *see Reliance Ins. Co.*, 9 N.Y.3d at 57, 845 N.Y.S.2d 212, 876 N.E.2d 898 ("[Plaintiff] acknowledges that it is a different party plaintiff but asserts that, as RNY's parent corporation, it is not entirely different...."). We have already concluded that plaintiff is not a successor through merger. *See Reliance Ins. Co.*, 474 F.3d at 57. Presented with the situation in which plaintiff has claimed that it is not the corporate parent, and we have found that plaintiff is not the corporate successor, we adopt the characterization of the District Court and conclude that plaintiff is a "completely different entity" from the plaintiff in the original state court complaint. *Reliance Ins. Co.*, 390 F.Supp.2d at 273.

Amendment to Fed.R.Civ.P. 15 ("[T]he attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.").

We decline plaintiff's invitation to "extend[ ] the rule," (Pl.Supp.Br.21), and permit the complaint to relate back to the 1994 pleading, which was filed by a different party in a separate action in state court. Rule 15(c) does not permit relation-back to a timely-filed state claim where, as here, plaintiff was not named as a party in a complaint in a separate action, is not a successor to a party named in the previous complaint, and offers no reasonable explanation for why it did not make a timely claim, even though a related corporate entity brought the previous claim. *See, e.g., Lucchesi v. Experian Info. Solutions, Inc.,* 226 F.R.D. 172, 174–175 (S.D.N.Y.2005) (holding that a time-barred defamation claim brought in federal court cannot relate back to a similar, timely claim that was previously made in state court because "[t]he Federal Rules of Civil Procedure contemplate[ ] the relation back of pleadings only in the context of a single proceeding"); *Rayo v. New York,* 882 F.Supp. 37, 40 (N.D.N.Y.1995) (rejecting argument that a federal civil rights complaint relates back to a similar claim in state court because the "prior [state court] proceeding[ ] ... [is] not part of the action in question"). Whatever "mistake" caused plaintiff not to file a timely complaint, it was not simply a clerical error. *See, e.g., Ingram v. Kumar,* 585 F.2d 566, 571 (2d Cir.1978) (permitting relation-back where a "minor misspelling of defendant's name" resulted in the failure to serve notice until "four months after the expiration of the limitations period"). To date, plaintiff has offered no explanation for its failure to sue on its own behalf within the applicable statute of limitations or intervene in state court at any point in the ten-year history of the previous litigation. As the New York Court of Appeals noted, "[t]he diligent corporate suitor, represented by counsel, is of course well advised to operate with the minimal care necessary to determine, before bringing suit, which of its family members has been wronged." *Reliance Ins. Co.,* 9 N.Y.3d at 58, 845 N.Y.S.2d 212, 876 N.E.2d 898. Rule 15 cannot revive stale claims in these circumstances—especially not claims that, as the New York Court of Appeals observed, go back 20 years. *Id.*

We have considered plaintiff's remaining claims, including its argument that "Rule 15 should be liberally applied" (Pl.'s Supp. Br. 9), and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.