Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about June 3, 2008, which denied the motion of defendants CIBC Mellon Trust Company and Chrysler Canada, Inc. (collectively, Chrysler) to dismiss the amended complaint of substituted plaintiff Samuel Montagu & Co. Ltd., unanimously affirmed, without costs.
On a prior appeal in this case, we determined that Montagu’s 2003 assignment of the loan agreement to its affiliated bank, plaintiff HSBC Guyerzeller Bank AG, was ineffective as to defendant debtor Hotel Mora Corp., that the mortgage “reverted” to Montagu, and that Montagu is the proper foreclosure plaintiff (42 AD3d 381 [2007]). Contrary to Chrysler’s contention, the documentary evidence does not conclusively establish that *489 Montagu received full payment of its loan from Guyerzeller in connection with the assignment. The evidence shows rather that Guyerzeller’s 2003 payment was made as consideration for the assignment and that, when the assignment was declared ineffective as to Mora, Montagu agreed to return Guyerzeller’s payment, pursuant to the restoration agreement.
We reject Chrysler’s argument that the Court of Appeals’ decision in Reliance Ins. Co. v PolyVision Corp. (9 NY3d 52 [2007]) calls into question the rationale of the aforesaid order permitting Montagu to be substituted as foreclosure plaintiff. The Reliance case dealt with the narrow question of whether a corporate entity related to the original plaintiff may be regarded as “the plaintiff’ for purposes of CPLR 205 (a), which adds a grace period to the statute of limitations for “the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator.” Montagu was substituted under CPLR 1018, which provides that an action may be continued “[u]pon any transfer of interest.” It could also properly have been substituted on a relation-back theory (CPLR 203 [f|).
We also reject Chrysler’s argument that we misapplied English law as to the validity of the assignment and the implications for each party arising from Mora’s lack of consent thereto. The law was thoroughly briefed on the prior appeal, in which Chrysler made the very same arguments about the propriety of substitution under CPLR 1018, relying, inter alia, on the affidavit of an English law expert whose opinion mirrored that of Montagu’s English law expert in concluding that the assignment, while valid as between Montagu and Guyerzeller, was invalid as against Mora because Mora’s permission to assign had not been obtained. Concur—Saxe, J.P., Nardelli, Buckley, Acosta and Freedman, JJ. [See 2008 NY Slip Op 31510(U).]