Walker v All Around Transp., Inc. (2018 NY Slip Op 04026)





Walker v All Around Transp., Inc.


2018 NY Slip Op 04026


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-02307
 (Index No. 7625/13)

[*1]Charles Walker, respondent, 
v
All Around Transportation, Inc., defendant; All Around Trans., Inc., nonparty-appellant.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Gregory S. Katz of counsel), for nonparty-appellant.
Linda T. Ziatz, Forest Hills, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty All Around Trans., Inc., appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated January 4, 2016. The order denied its motion, in effect, for leave to intervene in the action, and to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction or, in the alternative, to deem a prior default judgment of the same court entered March 27, 2014, to be unenforceable against it, or, in the alternative, to vacate the prior default judgment pursuant to CPLR 317, 5015(a), and 3215(g)(4).
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured on January 30, 2013, while being transported in a vehicle owned by the defendant, All Around Transportation, Inc. Service of the summons and complaint was made upon the Secretary of State pursuant to section 306 of the Business Corporation Law, and forwarded to the defendant's business address on file with the New York State Department of State, 12 Charles Street in Rochester. The defendant, which is listed with the New York State Department of State as inactive since June 30, 2004, never appeared in the action or answered the complaint.
On March 27, 2014, a default judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $1,250,000.
In July 2014, the appellant, nonparty All Around Trans., Inc., a domestic corporation based in Kings County and claiming to be the "intended defendant" in the action, moved, in effect, for leave to intervene in the action, and to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction or, in the alternative, for an order deeming the prior default judgment to be unenforceable against it, or, in the alternative, to vacate the prior default judgment pursuant to CPLR 317, 5015(a), and 3215(g)(4). In relevant part, the appellant argued that it was unrelated to the defendant, that it was never served with the summons and complaint, and that the plaintiff evidently had intended to commence this action against the appellant, rather than the defendant. In opposition, the plaintiff denied that it had intended to commence the action against the appellant, and insisted [*2]that no mistake had been made. The plaintiff also suggested, however, that the appellant and the defendant were related entities—a fact that the appellant again expressly denied in its reply papers. The Supreme Court denied the motion in its entirety, finding that the appellant had failed to establish any interest in the action.
On appeal, the plaintiff maintains it made no mistake in suing the defendant and not the appellant, but now concedes that the defendant and the appellant are separate entities. The plaintiff further concedes that it never served the appellant because it never intended to sue the appellant. In light of the plaintiff's concession that the appellant is distinct from the defendant, it follows that the appellant has no interest either in having the action dismissed or in vacating the default judgment entered against the defendant (see CPLR 1013; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 843; Reliance Ins. Co. of N.Y. v Information Display Tech., 2 AD3d 701, 702). Therefore, we agree with the Supreme Court's determination to deny the appellant's motion.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court