Brewer v. Hashim

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand eighteen.

PRESENT:
> **JOHN M. WALKER, JR.,**
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> *Circuit Judges.*

_____

**Robert Brewer,**

> *Plaintiff-Appellant,*

> v.

**Nader Hashim,**

> *Defendant-Appellee.*

_____

**17-2272 (L)**
**17-2695 (Con)**

**FOR PLAINTIFF-APPELLANT:**         Robert Brewer, pro se,
                                     Johnson City, New York.

**FOR DEFENDANT-APPELLEE:**          Benjamin D. Battles,
                                     Solicitor General, Thomas

J. Donovan, Jr., Attorney General of Vermont, Montpelier, Vermont.

Appeal from a judgment and order of the United States District Court for the District of Vermont (Conroy, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Robert Brewer, pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint and its order denying his post-judgment motion for leave to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim on which relief may be granted. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

In dismissing Brewer's complaint, the district court concluded that, when police officers confiscated Brewer's gun during a highway stop, on the basis that Brewer's "domestic violence" conviction in Alabama rendered possession of a firearm illegal under federal law, Brewer was not "entitled to some pre- or post-deprivation process that he did not receive." Brewer argues that due process was violated because he did not thereafter receive an "opportunity for judicial review."

But it is unnecessary to examine the merits of Brewer's due process claim, because the district court was correct in holding that Brewer's challenge is barred by the statute of limitations. "[I]n the statute of limitations context . . . dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

This is such a case. The statute of limitations accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotations omitted). Brewer's complaint shows that he became aware of the seizure of his firearm on April 8, 2013 (the date of the traffic stop), when "[p]olice . . . took his weapon" from the glove compartment of his car and provided him with a "weapons receipt." Therefore, under the applicable Vermont statute of limitations for personal-injury actions, Brewer had until around April 8, 2016 to file this lawsuit—three years after the incident. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects . . . federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the state provides for personal-injury torts."). But Brewer did not file his complaint until December 9, 2016, eight months too late.

To the extent that Brewer argues relation back to a pleading filed in a prior proceeding, that argument lacks merit. The Federal Rules of Civil Procedure contemplate the relation back of pleadings only in the context of a single proceeding. *See* Fed. R. Civ. P. 15(c) ("An amendment of a pleading relates back to the date of the original pleading . . ."). Brewer cannot, therefore, properly argue that his claim relates back to any separate action he initiated against Hashim—especially since he requested that Hashim not be served with process. *Cf. Reliance Ins. Co. v. PolyVision Corp.*, 292 F. App'x 106, 108 (2d Cir. 2008).

Brewer also challenges the district court's conclusion that the police officers did not violate due process when they issued a press release about the highway stop and made false statements about him. This claim is likely not time-barred. As the district court concluded, the complaint could be read liberally to indicate that Brewer was unaware of those statements until June 2014, when Attorney Brown sent him a letter including the press release.

Yet, the district court did not err. The press release did not infringe on an interest protected by due process. "A person's interest in his or her good reputation alone, apart from a more tangible interest, is not a liberty or property interest sufficient to invoke the procedural protections of the Due Process Clause." *Patterson v. Cty. of Utica*, 370 F.3d 322, 329–30 (2d Cir. 2004). Brewer does not allege any injury from the press release other than that it defamed him.

Finally, Brewer's brief does not challenge the denial of his motion to amend his complaint. Any such challenge is therefore abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *see also* Fed. R. App. P. 28(a)(8) (the appellant's brief "must contain . . . appellant's contentions and the reasons for them").

We have considered all of Brewer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4